IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LONEL HARDEMAN, JR,<br>    ID # 01304645,<br>        Petitioner, | §<br>§<br>§<br>§ | |
| v. | § | No. 3:26-CV-535-X-BW |
| | § | |
| JAMADRE L. ENGE,<br>        Respondent. | §<br>§<br>§ | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is the Petition Under 28 U.S.C. § 2254 for Writ of Habeas

Corpus by a Person in State Custody, received on February 17, 2026.  (Dkt. No. 3.)

Based on the relevant filings and applicable law, the Court should **DISMISS** the

petition without prejudice for lack of jurisdiction.

### I.  BACKGROUND

Lonel Hardeman, Jr., a prisoner of the Texas Department of Criminal Justice,

Correctional Institutions Division, filed a habeas petition under 28 U.S.C. § 2254

challenging a 2005 conviction and 30-year sentence in Dallas County, Texas.  (*See id.*

at 1.)  He names the warden of his unit of incarceration as the respondent.  (*See id.*)

In 2005, a jury convicted Hardeman of robbery and the trial court sentenced

him to 30 years of imprisonment in Case No. F-0473170-T in the 283rd Judicial

District Court of Dallas County, Texas.  *State v. Hardeman*, No. F-0473170-T (283rd

---

[1] By Special Order No. 3-251, this habeas case has been automatically referred for
full case management.

Jud. Dist. Ct., Dallas Cnty., Tex. Jan 11, 2005).  The Texas Fifth Court of Appeals affirmed the judgment on direct appeal.  *See Hardeman v. State*, No. 05-05-00113-CR, 2006 WL 391308 (Tex. App.—Dallas Feb. 21, 2006, pet. ref'd).  The Texas Court of Criminal Appeals ("TCCA") refused Hardeman's petition for discretionary review. *Hardeman v. State*, No. PD-0368-06 (Tex. Crim. App. May 17, 2006).

After unsuccessfully pursuing state habeas relief, Hardeman filed his first federal § 2254 petition in this Court on February 1, 2010.  *See Hardeman v. Thaler*, No. 3:10-CV-197-P, Dkt. No. 1 (N.D. Tex. Mar. 7, 2011); *Ex parte Hardeman*, No. WR-50,981-05 (Tex. Crim. App. Nov. 5, 2008).  The § 2254 petition was denied with prejudice as barred by the statute of limitations.  *See Hardeman*, No. 3:10-CV-197-P, Dkt. Nos. 15, 18-19.  On August 3, 2011, the United States Court of Appeals for the Fifth Circuit ("Fifth Circuit") denied a certificate of appealability.  *See Hardeman v. Thaler*, No. 11-10322, Dkt. No. 24 (5th Cir. Aug. 3, 2011).

On July 16, 2025, Hardeman filed a second state habeas application challenging his 2005 robbery conviction, which remains pending in the state trial court.  *See Ex parte Hardeman*, No. W-0473170-B (283rd Jud. Dist. Ct., Dallas Cnty., Tex. July 16, 2025).  Despite his pending state habeas application, Hardeman filed this federal § 2254 petition again challenging his 2005 robbery conviction in Case No. F-0473170-T.  (Dkt. No. 3.)  He asserts the following grounds for relief: (1) "withholding evidence that[']s favorable to the defendant"; (2) "5th[,] 6th, 14th constitutional violation due process"; (3) "multiple representation"; and (4)

2

"misdeed – misrepresentation."[2] (*Id.* at 5, 7-8, 10 (capitalization altered).)

## II.  JURISDICTION

"Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted).  They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).  Courts have "a continuing obligation to examine the basis for their jurisdiction." *MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990).

A district court cannot exercise jurisdiction over a second or successive § 2254 petition without authorization from the appropriate court of appeals.  *See* 28 U.S.C. § 2244(b); *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003).  A petition is successive if it raises a claim that was or could have been raised in an earlier petition or otherwise constitutes an abuse of the writ.  *See Hardemon v. Quarterman*, 516 F.3d 272, 275 (5th Cir. 2008) (quoting *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998)).  If it essentially represents a second attack on the same conviction raised in an earlier petition, a petition is successive.  *See id.* at 275-76.  Although a prior § 2254 petition is not successive if it was dismissed due to prematurity or for lack of exhaustion, a dismissal based on the statute of limitations, as in Hardeman's first § 2254 petition, is

---

[2] The Court notes that because Hardeman's state habeas application raising these claims remains pending in the state trial court, the claims appear to be unexhausted for purposes of federal habeas review.

considered an adjudication on the merits for purposes of determining successiveness. *See, e.g., Slack v. McDaniel*, 529 U.S. 473, 487-88 (2000) (declining to construe an application as second or successive when it followed a previous dismissal due to a failure to exhaust state remedies); *Higginbotham v. Barnes*, No. 21-60601, 2022 WL 795433, at *1 (5th Cir. Mar. 15, 2022) (citing *In re Flowers*, 595 F.3d 204, 205 (5th Cir. 2009)).

Here, Hardeman challenges the same 2005 conviction that he challenged in a prior federal petition that was dismissed with prejudice on its merits. *See Hardeman*, No. 3:10-CV-197-P, Dkt. Nos. 15, 18-19. Under *Hardemon* and *Crone*, Hardeman was required to present all available claims in that petition. A claim is available when it "could have been raised had the petitioner exercised due diligence." *Leonard v. Dretke*, No. 3:02-CV-0578-H, 2004 WL 741286, at *3 (N.D. Tex. Apr. 5, 2004), *rec. adopted,* 2004 WL 884578 (N.D. Tex. Apr. 20, 2004). The crucial question in determining availability is whether Hardeman knew or should have known through the exercise of due diligence the facts necessary to his current claims when he filed his prior, time-barred federal petition challenging the same conviction and sentence.

Hardeman's § 2254 petition is successive within the meaning of § 2244(b) because it raises claims that were or could have been raised in that prior federal petition. When a petition is second or successive, the petitioner must seek an order from the Fifth Circuit that authorizes this Court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A). The Fifth Circuit "may authorize the filing of a second or successive application only if it determines that the application makes a prima facie

showing that the application satisfies the requirements of [§ 2244(b)]." 28 U.S.C. § 2244(b)(3)(C).  To present a claim in a second or successive habeas petition that was not presented in a prior petition, the petition must show that it is based on: (1) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable"; or (2) "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and [ ] the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense."  28 U.S.C. § 2244(b)(2).

Because the Fifth Circuit has not issued an order authorizing this Court to consider a successive § 2254 petition, it lacks jurisdiction to consider Hardeman's petition, and the petition is subject to dismissal.  *See United States v. Fulton*, 780 F.3d 683, 686 (5th Cir. 2015).  "Alternatively, a district court may transfer a petition lacking authorization to [the Fifth Circuit] for want of jurisdiction upon a finding that the petition is successive."  *Id.*  Here, because Hardeman's state habeas proceedings on the claims he raises in this § 2254 action remain pending—and therefore appear to be unexhausted—dismissal, rather than transfer is warranted.

### III.  RECOMMENDATION

The Court should **DISMISS** the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, received on February 17, 2026 (Dkt. No. 3), for lack of jurisdiction without prejudice to Hardeman's right to file a motion

for leave to file a successive § 2254 petition in the United States Court of Appeals for

the Fifth Circuit.

  **SO RECOMMENDED** on February 24, 2026.

_____
BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

  A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).